IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     21-cr-00170-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PATRICK APOSTOL,

        Defendant.

---

**RESPONSE TO GOVERNMENT'S EMERGENCY MOTION FOR STAY
AND REVOCATION OF RELEASE ORDER**

---

The defendant, Patrick Apostol ("Mr. Apostol"), through undersigned counsel, Assistant Federal Public Defender Jennifer Beck, respectfully responds to the government's Emergency Motion for Stay and Revocation of Release Order (ECF 13) ("Motion to Revoke") as follows.

**INTRODUCTION**

On May 28, 2021, Magistrate Judge Crews ordered Mr. Apostol released from custody after he found that there were conditions that could reasonably assure Mr. Apostol's appearance in court and the safety of the community.  Magistrate Judge Crews' release conditions included location monitoring and Mr. Apostol's release was also conditioned on a home inspection by the United States Probation Office.  On June 2, 2021, the government filed the Motion to Revoke, asking this Court to stay and ultimately revoke Magistrate Judge Crews' release order.  The government does not present any new information in its Motion and continues to fail to meet its burden to prove that no combination of conditions will reasonably assure Mr. Apostol's appearance as required and the safety of any other person and the community. 18 U.S.C. §3142(f).

The Court should therefore lift the stay on Magistrate Judge Crews' release order and release Mr. Apostol on conditions.

ARGUMENT

**I.      Mr. Apostol is not a danger to the community.**

The government's argument that Mr. Apostol is a danger if released relies on three claims. First, the government claims that Mr. Apostol did not overcome the presumption of detention in 18 U.S.C. §3142(e)(3).  Second, the government points out that Mr. Apostol is a suspect in a homicide investigation in Denver.  Third, the government argues that strong evidence supports the charges in this case.

**A. Mr. Apostol presented enough evidence to overcome the presumption of detention.**

Mr. Apostol acknowledges that the presumption of detention under 18 U.S.C. §3142(e)(3) applies because he has been charged with 18 U.S.C. §924(c)(1)(A)(i).  However, he presented enough evidence at the detention hearing to rebut that presumption.

Mr. Apostol has no criminal history whatsoever.  He doesn't even have a traffic ticket on his record.  He can therefore lawfully possess firearms.  Mr. Apostol was allegedly trafficking marijuana, not fentanyl or methamphetamines.  The government points to the *Cook* case, a 1989 case involving cocaine trafficking, for the proposition that drug trafficking "itself constitutes a danger to the community". Doc. No. 13 at 7.  The government asserts that drug trafficking of marijuana is just as inherently dangerous as the trafficking of other drugs.  Granted, the presumption of detention applies regardless of the narcotic, but this Court can consider the drug at issue in its decision to release or detain a defendant charged with drug trafficking.  Where, as here,

the drug is legally bought, sold, delivered, and distributed all over the United States[1], the danger to the community is undoubtedly less than if the drug were of some other variety.

Additionally, Mr. Apostol has a 4-year-old son, Hayden, with Mina Darnell-Strong. Ms. Darnell-Strong describes Mr. Apostol as a loving, supporting father who takes Hayden to the park, teaches him to read, and write, and handles other routine parental duties. Ms. Darnell-Strong confirmed that she and Mr. Apostol are expecting another baby in just six weeks.

For all of these reasons, Mr. Apostol is not a danger to the community.

### B. The homicide investigation is a red herring.

The government relies heavily on the fact that Mr. Apostol is "the main suspect" in a homicide investigation in Denver. However, that homicide allegedly occurred nine months ago, and Mr. Apostol has not yet been arrested in connection with that investigation. No grand jury, nor any judge, has made a probable cause finding that a homicide occurred or that Mr. Apostol committed a homicide. The government asserts in its Motion that "the district attorney intends to charge him with the murder in the foreseeable future". Doc. No. 13, at 6. However, when undersigned counsel asked Assistant United States Attorney Rajiv Mohan when charges were going to be filed against Mr. Apostol, he admitted he did not know when charges would be filed, and said he didn't know if Mr. Apostol would be charged in "six months or a year." If there was probable cause that Mr. Apostol was guilty of murder, the Denver District Attorney's Office could

---

[1] "The medical use of cannabis is legal, with a doctor's recommendation, in 36 states, four out of five permanently inhabited U.S. territories, and the District of Columbia. […] The recreational use of cannabis is legalized in 17 states, the District of Columbia, the Northern Mariana Islands, and Guam. Another 13 states and the U.S. Virgin Islands have decriminalized its use. Commercial distribution of cannabis has been legalized in all jurisdictions where possession has been legalized, except the District of Columbia." "Legality of cannabis by U.S. jurisdiction", Wikipedia, https://en.wikipedia.org/wiki/Legality_of_cannabis_by_U.S._jurisdiction, (last accessed on June 7, 2021).

charge Mr. Apostol.  Then he would be entitled to a "proof evident, presumption great" hearing, where a judge would "determine if the proof is evident or the presumption is great with respect to the determination of the existence of probable cause to believe that Mr. Apostol committed the crime charged." C.R.S. 16-4-101(1)(a), (3).  If a court made such a finding, Mr. Apostol would automatically be held without bond. *Id.*  But here, this Court should not detain Mr. Apostol on this federal case because he might be charged with a crime in another jurisdiction at some future, unknowable date.

### C. The government hasn't proffered any evidence that Mr. Apostol's legal possession of firearms furthered his alleged trafficking of marijuana.

While the government submits that there is strong evidence of the 924(c) charge, the only evidence that has been proffered is that Mr. Apostol possessed firearms – which, again, he was legally able to do considering his lack of criminal history – in close proximity to the marijuana allegedly found in his house.  Aside from the proximity of the firearms to the marijuana, the proffered evidence from the government does not include anything about how the alleged marijuana trafficking was furthered by Mr. Apostol's lawful possession of firearms.   There is no mention in the numerous texts, photos, and videos referenced in the government's Motion that Mr. Apostol used any firearms in furtherance of the alleged marijuana trafficking, nor did any of the neighbors who allegedly observed people coming and going from Mr. Apostol's garage tell police that they observed Mr. Apostol with a firearm at any point.  The model jury instruction for 924(c) in the Tenth Circuit reads in relevant part: "Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime." 10th Circuit Criminal Pattern Jury

Instruction 2.45.1, 2021 Edition.  The government's evidence on the 924(c) charge, as proffered, appears weak.

###    II.    Mr. Apostol is not a flight risk.

The government argues that Mr. Apostol is a flight risk because he has "the means and ability" coupled with "strong incentives" to flee.  However, what is far more compelling evidence with respect to whether Mr. Apostol will flee is that he *hasn't fled.*  Mr. Apostol's federal case stems from a homicide investigation that began on September 10, 2020.  That night, the police interviewed Mr. Apostol at his home, in connection with that homicide investigation.  He then took a preplanned trip to Disney World and returned to Denver on September 21, 2021, when he again met with homicide detectives (presumably voluntarily).  He did not stay in Florida, he did not flee the country, he did not go into hiding, when under investigation for murder, which requires mandatory pretrial detention and carries a mandatory life sentence after conviction.  In fact, Mr. Apostol was arrested in this federal case, nearly nine months after he was first questioned in the homicide investigation, at the same house where he was living at the time of the alleged homicide for which he is "the main suspect," according to the government.  If Mr. Apostol was going to flee, he would have already done so.   But the fact is that Mr. Apostol is not a flight risk.  He has strong ties to Colorado, where he has lived since 2012.  Mr. Apostol's fiancé, Ms. Darnell-Strong, and child, Hayden, live here and he is expecting another baby in six weeks.

###    III.    The PTRA Predicts That Mr. Apostol Will Succeed on Pretrial Release.

According to the Pretrial Risk Assessment ("PTRA"), Mr. Apostol is overwhelmingly likely to succeed on bond.  The PTRA is an evidence-based, validated risk assessment tool used by the United State Probation Department to inform their pretrial recommendations.  In this case, the PTRA classifies Mr. Apostol's risk category as a 2, which suggests that he has an approximate

90% likelihood of success when released with limited conditions.  Mr. Apostol's PTRA score should weigh in favor of his release.

**CONCLUSION**

Mr. Apostol has no criminal history, strong connections to the District, a verified release plan, and every reason to adhere to the conditions of his release.

The Motion to Revoke does not present evidence sufficient to satisfy the government's burden to prove that no combination of conditions will reasonably assure Mr. Apostol's appearance as required and the safety of any other person and the community. 18 U.S.C. §3142(f). The conditions ordered by Magistrate Judge Crews, along with the standard conditions of pretrial supervision used in this District, will reasonably assure his appearance and public safety.  The Court should release Mr. Apostol pending further proceedings in this case.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Rajiv Mohan, Assistant United States Attorney
Email: Rajiv.mohan@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Patrick Apostol (Via U.S. Mail)

s/ Jennifer Beck
JENNIFER BECK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Jennifer_Beck@fd.org
Attorney for Defendant